NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
*In re:*                                               :
                                                       :   Chapter 7
Bradley C. Reifler,                                    :   Case No. 17-35075
                                                       :
                           *Debtors.*                  :
-------------------------------------------------------x
Marianne T. O'Toole, as Chapter 7 Trustee
of the Estate of Bradley C. Reifler,

                           Plaintiff,                  :
                                                       :   Adversary Proceeding
v.                                                     :   Case No. 19-09004
                                                       :
Jacqueline Vesnic,

                           Defendant.
-------------------------------------------------------x

## AMENDED MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION FOR CONTEMPT, STRIKING DEFENDANT'S ANSWER AND ENTERING DEFAULT JUDGMENT

**A P P E A R A N C E S :**

*Counsel to Marianne T. O'Toole, as Chapter 7 Trustee*
O'Toole + O'Toole PLLC
22 Valley Road
Katonah, NY 10536
By:     Andrew D. O'Toole

*Attorneys for Defendant*
Siegel & Siegel, P.C.
One Penn Plaza, Suite 2414
New York, New York 10119
By:     Michael D. Siegel

**CECELIA G. MORRIS**
**UNITED STATES BANKRUPTCY JUDGE**

Bradley C. Reifler ("Debtor"), filed a voluntary petition for relief under chapter 7 of the

Bankruptcy Code. *In re Reifler,* No. 17-35075, at ECF No. 1 (Bankr. S.D.N.Y, Jan. 20, 2017).

Page **1** of **8**

Marianne O'Toole (the "Trustee") was appointed as the chapter 7 trustee of Debtor's estate and initiated this adversary proceeding on January 18, 2019 against Jacqueline Vesnic ("Vesnic"). *See* Compl., ECF No. 1.[1]  In the Complaint, the Trustee alleged that Debtor had fraudulently transferred $129,500 to Vesnic during the two years preceding the filing of the petition and sought to avoid and recover the transfers. *Id.*

On October 31, 2019, the Court entered an order compelling Defendant to answer discovery. Order, ECF No. 21. The Defendant failed to comply. On November 14, 2019, the Court entered an order requiring Defendant to pay the Trustee's attorney's fees in connection with enforcing Defendant's discovery obligations. Order, ECF No. 23. Defendant failed to comply. On December 5, 2019, the Trustee filed a motion asking the Court to strike the answer and enter default judgment. Contempt Mot., ECF No. 27. Timely opposition was not filed. At the hearing for the motion to strike and to enter default judgment, this Court ruled in favor of the Trustee on the record, struck the Defendant's answer, and awarded default judgment against the Defendant in the amount of $129,500. *See* Hr'g Tr. 10:2–11:17, December 17, 2019. This Court did not read into the record any findings of fact or legal analysis supporting the decision. *See Id.* On December 26, 2019, this Court entered an order finding Defendant in contempt, striking Defendant's answer and entering default judgment against Defendant. Order, ECF No. 30. The order did not include any findings of fact or legal analysis supporting the decision. *See Id.*

Following the ruling, Defendant appealed this Court's decision to the United States District Court of the Southern District of New York (the "District Court"). The District Court remanded the case back to this Court to "provide more detailed findings of fact and legal analysis sufficient to warrant and support the entry of a default judgment." Op. and Order 13, ECF No. 38.

---

[1] Unless otherwise indicated, all references to "ECF" are references to this Court's electronic docket in adversary proceeding 19-09004-cgm.

Page **2** of **8**

**Jurisdiction**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a) and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

**Background**

The Trustee commenced this adversary proceeding on January 18, 2019 in order to recover $129,500 of an alleged fraudulent transfer from Debtor to Defendant. *See* Compl., ECF No. 1. This Court entered its first scheduling order on March 15, 2019. *See* Scheduling Order, ECF No. 6. The order required the parties to complete discovery by June 15, 2019, obligated them to provide initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, and warned that failure to comply would "result in sanctions being imposed." *Id.* at 2, 5. On June 6, 2019, the parties stipulated to, and the Court so ordered, an amended scheduling order that extended the discovery deadline to September 15, 2019. First Am. Scheduling Order 2, ECF No. 10. This order also contained a warning that sanctions may be imposed. *Id.* at 5.

At a pre-trial conference hearing on July 30, 2019, the Trustee explained to the Court that Defendant had not responded to document requests or interrogatories that were due to the Trustee by June 28, 2019. Hr'g Tr. 3:4–4:15, July 30, 2019. At that hearing, Defendant was warned that its purported reasons for not answering discovery requests were unacceptable and gave a warning that sanctions would be incoming should Defendant continue her pattern of non-compliance. Specifically, Defendant insisted that Federal Rule of Civil Procedure 34 does not require Defendant to turn over electronically stored documents despite the very clear title of that rule: "Producing Documents, Electronically Stored Information, and Tangible Things, or Entering onto Land, for Inspection and Other Purposes." Fed. R. Civ. Pro. 34; Hr'g Tr. 6:1–7:17. The Court ordered

Defendant to produce what was requested within five days and asked the Trustee to bring a motion to compel. Hr'g Tr. 5:19–8:8.

Upon Defendant's continued failure to answer discovery, the Trustee brought a motion to compel Defendant to fully respond to the Trustee's first requests for production of documents. *See* Mot. to Compel, ECF No. 14. On October 31, 2019, the Court entered an order (the "October 31 Discovery Order") compelling the Defendant to answer discovery. The order states as follows:

> **ORDERED** that within fourteen (14) days of the entry of this Order, Jacqueline Vesnic shall serve Plaintiff's counsel with proper, complete and signed written responses to the Trustee's First Request for Production of Documents, dated May 29, 2019 and Trustee's First Set of Interrogatories, dated May 29, 2019, together with all responsive documents in her custody, possession and control, including, but not limited to: (1) a detailed and complete description of any documents that existed, but were destroyed, deleted, and/or no longer exist; including, but not limited to, the full and complete details about the programs, emails, providers, software and/ or applications or devices (i.e., smart phone, laptops and/or ipads) used and settings used and when those settings were changed and/or modified and by whom; (2) the complete names and current telephone numbers, emails, or addresses for Jacqueline Vesnic's father and mother, including any addresses and contact information Jacqueline Vesnic has had for either her mother or father or any other individual she knows to be in contact with either her mother or father; and
> **ORDERED** that Jacqueline Vesnic shall schedule with Plaintiff's counsel deposition dates not later than forty-five days (45) days after entry of this Order, provided such depositions shall not proceed in the absence of their full and complete compliance with her responses to the Trustee's First Request for Production of Documents, dated May 29, 2019 and Trustee's First Set of Interrogatories, dated May 29, 2019 as required in this Order; and
> **ORDERED** that pursuant to Rule 37(a)(4) and (d) of the Federal Rules of Civil Procedure Jacqueline Vesnic is being sanctioned for failing to comply with her discovery obligations and are hereby ordered to pay the reasonable attorneys' fees of Trustee's counsel in connection with the Trustee's counsel's attempts to obtain their compliance, including any attorneys' fees incurred in connection with this Motion; Plaintiff's counsel is to submit a declaration within seven (7) days of this Order itemizing the attorneys' fees incurred by the Trustee in connection with this Motion; and
> **ORDERED** that should Jacqueline Vesnic fail to comply with this Order or fulfill the requirements within the specified time, her Answer shall be stricken and/or a default judgment shall be entered against Jacqueline Vesnic; and/or the Court may grant all such other and further relief as the Court deems just and proper.

Order, ECF No. 21.

A second order was entered on November 14, 2019 (the "November 14 Expense Award Order"), awarding expenses incurred by the Trustee in connection with bringing the motion to compel. Order, ECF No. 23. Debtor did not comply with either order. In fact, despite the order, Defendant embarked on a backpacking trip in Mexico during the months of November and December and was unreachable by her attorney. Hr'g Tr. 40:12–20, Dec. 17, 2019, ECF No. 31. Defendant did not seek relief from either order. On December 5, 2019, the Trustee filed a motion asking the Court to strike the answer and enter default judgment. Mot. Contempt, ECF No. 27. Timely opposition to the motion was not filed.

## Discussion

"[C]ompliance with discovery orders . . . is necessary to the integrity of our judicial process . . . [and] part[ies], who flout[ ] such orders do so at [their] peril." *Pergament v. Thilman (In re Thilman)*, 548 B.R. 1, 8 (Bankr. E.D.N.Y. 2016) (internal citation omitted). Rule 37(b) of the Federal Rules of Civil Procedure, which is incorporated in this proceeding pursuant to Federal Bankruptcy Rules of Procedure 7037, expressly allows a court to impose sanctions against a party "who fails to obey an order to provide or permit discovery under Rule 26(f), 35 or 37(a).". *See* Fed. R. Civ. P. Rule 37(b)(2)(A). These sanctions include directing that those designated facts be taken as established for purposes of the action, prohibiting the disobedient party from opposing designated claims or supporting designated defenses, striking pleadings in whole or part and rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(b)(2)(A)(iii) and (vi). "Additionally, a bankruptcy court may impose sanctions pursuant to its inherent powers, which are available to address bad faith conduct and failure to comply with a court order." *In re Feldman*, 597 B.R. 448, 463 (Bankr. E.D.N.Y. 2019).

Where, as here, a party fails to produce documents as ordered by the Court and has obstructed the Trustee's attempts to seek discovery, the Court can enter an order striking the

Page **5** of **8**

Defendant's answer. *See Nippon Fire & Marine Ins. Co., Ltd. v. MV Egasco Star*, No. 94 Civ. 6813 (DC), 1996 WL 74745, *1–2 (S.D.N.Y. Feb. 21, 1996) (finding that the failure of the defendants to comply with the Court's order requiring discovery, or confirm that the defendants had made an adequate search for the documents, warranted the court striking their answer); *see also Rahman v. Seung Min Park* (*In re Seung Min Park*), Ch. 7 Case No. 09-78622-dte, Adv. Pro. No. 10-8040-dte, 2011 WL 1344495, at *7–8 (Bankr. E.D.N.Y. Apr. 8, 2011) (describing the Court's authority to strike a defendant's answer due to the failure to produce documents); *SEC v. Wencke*, 577 F.2d 619, 622 (9th Cir. 1978) ("Because [defendant] had willfully refused to obey the district court's discovery order, the court had the authority to strike his answer."); *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988); *Starbrite Waterproofing Co., Inc. v. Aim Constr. & Contracting Corp.*, 164 F.R.D. 378, 381 (S.D.N.Y. 1996) (striking defendants' answer and precluding them from presenting evidencing where defendants flouted their obligations under the Federal Rules of Civil Procedure, ignored their obligations to respond to Trustee's document requests and interrogatories and ignored Trustee's counsel's telephone calls and at least one letter inquiring about the same).

The Court has "broad discretionary power" to impose sanctions upon a party for failure to comply with the legitimate discovery requests of its adversary. *In re Barnholdt*, 74 B.R. 760, 763 (Bankr. N.D.N.Y. 1987). Striking a non-compliant party's pleading is justified when a party has evidence "bad faith, willfulness, or gross negligence with respect to a discovery request, or where there has been a total failure to answer." *In re Barnholdt*, 74 B.R. at 764; *Starbrite Waterproofing Co., Inc.*, 164 F.R.D. at 381. Where, as here, there has been a "continuing saga of dilatory conduct" entering a default judgment under Fed. R. Civ. P. 37(b) is appropriate." *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2d Cir. 1983); *see also In Placido N. Robinson*, Adv. Pro. No. 18-1014 (MG), 2019 WL 2342324, at *3-5 (Bankr. S.D.N.Y. May 31, 2019) (entering

default judgment based on defendant's failure to comply with Court orders entered based on discovery violations).

Federal Rule 37 sanctions are intended prevent a party from benefiting from its failure to comply, and to deter such conduct. *See O'Toole v. Wrobel* (*In re Sledziejowski*), Adv. Pro. No. 17-8317 (SHL), 2015 WL 2128595, at *5-6 (Bankr. S.D.N.Y. M a y 5 , 2015). To determine whether the sanction of default judgment is warranted, this Court should consider: (a) willfulness or bad faith on the part of the noncompliant party; (b) history of noncompliance; (c) effectiveness of lesser sanctions; (d) whether the non-complaint party had been warned about the possibility of sanctions; (e) the parties' complicity; and (g) the prejudice to the moving party. *Am. Cash Card Corp. v. AT&T Corp.*, 184 F.R.D. 521, 524 (S.D.N.Y. Feb. 10, 1999), *aff'd* 210 F.3d 354 (2d Cir. 2000). No one factor is dispositive. But a default judgment as a sanction must be available to: (1) ensure that a party does not benefit from its own failure to comply with discovery orders; (2) specifically deter and obtain a party's compliance with the order issued; and (3) serve as a general deterrent for other litigants, provided that the sanctioned party was in some sense at fault. *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citation omitted).

Defendant's conduct evidences willful bad faith, including completely ignoring the Court's orders ordering them to comply with her discovery obligations and to pay the Trustee's counsel's fees for having to file the motion to compel. Defendant's noncompliance is well documented; the October 31 Discovery Order and November 14 Order stem from Defendant's refusal to comply with her discovery obligations and provide documents and other information responsive to the Trustee's written discovery requests.

As Defendant has completely ignored two court orders and flouted her discovery obligations, any lesser sanction will only invite additional malfeasance. It bears emphasis that Defendant has done absolutely nothing to respond to and has taken no further action even after the

two court orders requiring her to comply were entered. This Court's October 31 Discovery Order provided a clear warning about the Defendant's need to participate in discovery and that her failure to comply with the Court's Order would result in her answer being stricken and the entry of a default judgment against her. Defendant has disregarded the October 31 Discovery Order and the November 14 Expense Award Order. The Court has no basis to believe that counsel's misconduct might warrant some leniency in the appropriate sanction.

The Trustee has been prejudiced by Defendant's longstanding delay. Defendant likely possesses relevant information to which the Trustee is entitled to use in order to prove her claims here. The Trustee's ability to prosecute the claims raised in this adversary proceeding are particularly hampered by the fact that Debtor affirmatively destroyed documents and appears to have comingled and/or disregarded different individuals, accounts and/or entities. Defendant's total disregard for the Court's Orders and her discovery obligations impedes the Trustee's ability to prosecute the claims raised in this adversary proceeding

## Conclusion

For the foregoing reasons, the answer is stricken and default judgment is entered against Defendant in the amount of $129,500.00.



Dated: February 6, 2023
Poughkeepsie, New York

/s/ Cecelia G. Morris
_____
Hon. Cecelia G. Morris
U.S. Bankruptcy Judge